## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CIVIL ACTION** |
| **THE STATES OF CALIFORNIA,** | **NO. 2014-CV-_____** |
| **COLORADO, CONNECTICUT,** | |
| **DELAWARE, THE DISTRICT OF** | **JUDGE:** |
| **COLUMBIA, FLORIDA, GEORGIA,** | _____ |
| **HAWAII, ILLINOIS, INDIANA,** | |
| **IOWA, LOUISIANA, MARYLAND,** | |
| **MASSACHUSETTS, MICHIGAN,** | **FILED *IN CAMERA*** |
| **MINNESOTA, MONTANA, NEVADA,** | **AND UNDER SEAL** |
| **NEW HAMPSHIRE, NEW JERSEY,** | |
| **NEW MEXICO, NEW YORK, NORTH** | **DO NOT ENTER INTO PACER** |
| **CAROLINA, OKLAHOMA, RHODE** | |
| **ISLAND, TENNESSEE, TEXAS, VIRGINIA,** | |
| **WASHINGTON, WISCONSIN,** | |
| **THE CITY OF CHICAGO, AND** | |
| **THE CITY OF NEW YORK *ex rel*** | |
| **OMNI HEALTHCARE INC, AND JOHN DOE,** | |

**Plaintiffs/Relators**

**VERSUS**

**MILLENNIUM LABORATORIES, INC.,**

**Defendant.**

_____

## QUI TAM COMPLAINT FOR DAMAGES

**NOW INTO COURT,** through under signed counsel, comes Relators, Omni Healthcare

Inc. and John Doe, in the name of and on behalf of the United States of America, the States of

California, Colorado, Connecticut, Delaware, District of Columbia, Florida, Georgia, Hawaii,

Illinois, Indiana, Iowa, Louisiana, Maryland, Massachusetts, Michigan, Minnesota, Montana, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, Oklahoma, Rhode Island, Tennessee, Texas, Virginia, Washington, Wisconsin, the City of Chicago, and the City of New York, by their attorneys, Vezina and Gattuso, pursuant to 31 U.S.C. §3730(b)(1) and the False Claims Acts of the States and Cities, as defined and listed herein, and alleges as follows:

## Introduction

1. This action arises under 31 U.S.C. § 3729 *et* seq., also known as the False Claims Act ("FCA"), as well as the False Claims Acts of the States and Cities (collectively "State FCAs"), and common law, to recover treble damages and civil penalties on behalf of the United States of America, the States, and Cities, arising out of Defendants violations of the FCA and State FCAs as well as under common law theories of payment by mistake and unjust enrichment.

2. As more fully alleged herein, this action arises out of a scheme or schemes to defraud the United States of America, the fifty States, and the District of Columbia, and the named Cities herein, perpetrated by the Defendant, commencing on or about July 2012 and continuing to and including the date of filing herein as an ongoing scheme. The Defendant made and/or caused to be made to the United States, the fifty State governments, the District of Columbia, and the named Cities false claims for payment for medically unnecessary genetic testing for pain management patients covered by Medicare, State Medicaid Programs, the Department of Veterans Affairs, the Public Health Services and other federal, state, and city insurance plans. Claims were false and fraudulent because the tests, which were conducted by Defendant to providers

2

throughout the country, to patients in the United States of America, were non-medically necessary which is a material condition of payment. The false claims arose out of a chronic, serious and knowing scheme through use of false and misleading information to physicians about the need for genetic testing on all pain management patients in order to induce the ordering of unnecessary testing,

3. These acts constitute violations of the Federal False Claims Act, 31 USC § 29 *et seq.* ("FCA"), and numerous equivalent state and city statutes. The FCA provides, *inter alia*, that any person who knowingly presents and/or causes to be presented to the United States a false or fraudulent claim for payment is liable for a civil penalty of up to $11,000.00 for each claim, plus three times the amount of the damages sustained by the Government. 31 U.S.C. §3729. The FCA also allows any person discovering a fraud perpetrated against the Government to bring an action for himself and for the Government and to share in any recovery. 31 U.S.C. §3730.

## Jurisdiction and Venue

4. Under §3732 of the FCA, this Court has exclusive jurisdiction over the actions brought under the FCA and concurrent jurisdiction over state claims arising from the transactions giving rise to the claims under the FCA. Furthermore, jurisdiction over this action is conferred on this Court by 28 U.S.C. §1331 because this civil action arises under the laws of the United States.

5. This Court has supplemental jurisdiction over all other claims set forth in this Complaint because these claims are so related to the claims arising under the federal False Claims Act that they form part of the same case or controversy. 28 U.S.C. §1367.

6.  Venue is proper in this district pursuant to §3732(a) of the Act, which provides that any action under §3730 may be brought in any judicial district in which the Defendant or in the case of multiple Defendants, any one Defendant, can be found, resides, transacts business, or in which any act proscribed by §3729 occurred. Acts that are the subject of this action occurred in the Commonwealth of Massachusetts, within this judicial district, as well as nationwide.  At all times material thereto, Defendant regularly conducted substantial business within the Commonwealth of Massachusetts, maintained permanent employees in the Commonwealth of Massachusetts, and made, and is making, significant sales and claims for reimbursement within the Commonwealth of Massachusetts, within this judicial district.  Additionally, venue is proper in this district pursuant to 28 U.S.C. §1391(b)(1)-(2).

## Filing Under Seal

7.  Under the Act, as well as State and City FCAs, this Complaint is to be filed *in camera* and remain under seal for a period of at least sixty (60) days and shall not be served on Defendant until the Court so orders.

8.  As required by the FCA, Relators voluntarily submitted prior to the filing of this Complaint a confidential written disclosure statement (subject to the attorney client privilege) to the United States Government, containing materials, evidence, and information in their possession pertaining to the allegations contained in this Complaint.  Similarly, Relators voluntarily submitted a confidential written disclosure statement and this Complaint to the States and Cities whose FCAs form the basis of this action.

4

**Parties**

**The Relators**

9.  Relator Omni Healthcare, Inc. ("Omni") is a professional medical company primarily based in Brevard County, Florida.

10. Omni is a multi-specialty physician group with physicians specializing in family practice, internal medicine, pediatrics, and several of the sub specialties of internal medicine and surgery.

11. Relator John Doe is a principal of Omni and a practicing physician in the Melbourne, Florida area.

12. Relator John Doe is also medical director of the Melbourne Medical Laboratory and the Florida Clinical Laboratory.

13. Relator John Doe is a medical review officer certified by AAMRO (American Association of Medical Review Officers) and is very familiar with the use the use of genetic testing related to metabolism of pain medication.

14. Relator John Doe has first-hand knowledge of Defendant's fraudulent practices through his medical practice.

15. Relators are original sources of the facts and information hereinafter set forth concerning the activities of the Defendant relative to its scheme to fraudulently induce physicians to order tests that are not medically necessary and appropriate.

16. The goal of Defendant's scheme is to substantially and improperly increase its reimbursement from Medicare, Medicaid and other governmental and private payers.

17. Defendant targets Medicare in this particular scheme.

18. The facts averred herein are based upon Relators' personal observations and documents and information in their possession, which were acquired by them in connection with their relationship with their work with Defendant and as a business and physicians whose practice involves pain management.

19. Relators seek to recover damages and civil penalties in the name of the United States and the States for the violations alleged herein.

## Defendant

20. Founded in 2007, Defendant Millennium Laboratories, Inc. ("Millennium") considers itself to be the "leading research-based clinical diagnostic company" in the United States.

21. Defendant is a privately held California-based company out of San Diego with a fully licensed accredited lab in all fifty (50) states.

22. Defendant has Clinical Laboratory Improvement Amendment (CLIA) accreditation that is required for Medicare and Medicaid reimbursement.

23. Defendant created a scheme to defraud the United States of America and the fifty States, the District of Columbia, and the Cities mentioned above by creating a program to fraudulently maximize its reimbursement revenue by inducing physicians to order medically unnecessary genetic testing for all pain management patients through false and misleading representations by its sales representatives, executives, Pharm D's, and consultants regarding the test's medical necessity which is a material condition of payment.

6

**Affected Government Programs**

24. Medicaid is the nation's medical assistance program for the needy, the medically-needy, aged, blind, and disabled families with dependent children. See 42 USC §§ 1396-1396v. Medicaid is largely administered by the States and funded by a combination of federal and state funds. Approximately 57% of Medicaid funding is provided by the Federal Government on a national basis. Medicaid does reimburse drug testing under certain circumstances.

25. Medicare is the nation's health program for persons over sixty-five (65) years of age and the disabled. Medicare is funded by the Federal Government. Medicare Part B covers outpatient clinical laboratory tests, including confirmatory drug testing.

26. The Department of Veterans Affairs ("VA") provides medical assistance, including physician ordered drug testing, to persons who have been discharged from active duty service in the military, naval, or air services.

27. The Department of Defense ("DOD") administers the TRICARE health care program for active duty and retired members of the uniformed services, their families, and survivors. TRICARE benefits include confirmatory drug testing coverage.

**Background on Genetic Testing for Pain Management Patients**

28. Drug testing is a multi-billion dollar industry with a significant impact on the budget of public programs.

29. Drug testing has exploded in use with the growth of pain management treatment and the use of opioids in such treatment.

30. Sales of opioids in the United States, used to treat such acute and chronic pain, have dramatically increased.

7

31. A small percentage of the general population metabolizes pain medication differently due to their genetic make-up.

32. Cytochrome P450 (CYP450) is a group of liver enzymes that aid in the metabolism of approximately ninety percent (90%) of all pharmaceutical drugs.

33. Rare variation in enzymatic metabolism, dictated by genetic makeup, can cause either poor or ultra rapid metabolization.

34. There are numerous enzymes in the CYP450 systems that are involved in the metabolism of many commonly prescribed drugs.

35. CYP2D6 is the hepatic enzyme involved in metabolism of several opioids.

36. This uncommon genetic variation influences the metabolism of drugs prescribed for pain management.

37. This genetic variation is present in only a small percentage of patient population.

38. There is no research to date showing the need or clinical benefit to early or routine genetic testing of the cytochrome enzyme system in pain management patients.

#### ****Scheme to Over-Test by Defendant Millennium****

39. Millennium has developed a scheme to fraudulently maximize its reimbursement revenue by inducing physicians to order medically unnecessary genetic testing on all pain management patients through use of false and misleading information.

#### Medicare/Medicaid Reimbursement for Genetic Testing on Pain Management Patients

40. Medicare pays for any test or diagnostic service when two basic criteria are met: (a) the service must be covered by Medicare, and (b) the service must be medically necessary and indicated.

41. Genetic testing may be indicated on a small percentage of patient population who have

poor or no response to pain medication.

42. Routine genetic testing on all pain management patients is not medically necessary.

43. Routine genetic testing on all pain management patients has no proven clinical benefit.

44. Routine genetic testing on all pain management patients would be a significant cost to the Medicare program.

45. Millennium is currently promoting six (6) separate tests for genetic testing to physicians.

46. Genetic testing on all pain management patients results in substantial increased revenue to Millennium from government reimbursement.

47. Genetic testing on pain management patients costs an average of one thousand eight hundred dollars ($1,800) per patient.

## False and Misleading Information to Physicians to Induce Medically Unnecessary Genetic Testing on all Pain Management Patients

48. Millennium knowingly and systematically misrepresents to physicians the medical necessity of genetic testing on all pain management patients in order to induce those physicians to order such medically unnecessary tests.

49. Relator John Doe has specific personal knowledge that Millennium developed a scheme in July of 2012, to induce physicians to order medically unnecessary genetic testing on all Medicare pain management patients.

50. Millennium's sales representatives, executives, Pharm Ds, and consultants (collectively "Millennium's agents") improperly target Medicare because this program will reimburse when deemed medically necessary.

51. Millennium's agents give false and misleading information to physicians by asserting that the tests are warranted and justified for all pain management patients in order to detect potential pain medication sensitivity.

52. Millennium further markets that genetic testing would lead to better care by allowing individualized pain management treatment.

53. On January 23, 2014, Relator John Doe met with an agent of Millennium, Melissa Gambin, (hereinafter referred to as "Gambin"), regarding Millennium's genetic testing program.

54. Gambin advised Relator John Doe that it is medically necessary to perform routine genetic testing on all pain management patients in order to determine which drug would work best for that patient.

55. Gambin also told Relator John Doe that genetic testing on all pain management patients is medically necessary "because Medicare will pay for the tests".

56. On February 7, 2014, Gambin again met with Relator John Doe to induce routine genetic testing by providing false and misleading information.

57. On February 7, 2014, Gambin fraudulently represented to the Relator John Doe that thirty (30%) of the population has a genetic abnormality that would cause sensitivity to pain medication.

58. Relator John Doe requested scientific verification of this statistic from Gambin the same day.

59. Gambin never responded to Relator John Doe's request for scientific verification of the Millenium's respresentation that thirty (30%) percentage of population has this genetic abnormality.

60. Gambin provided Relator John Doe with marketing information that includes billing codes that can be used for genetic testing during this meeting.

61. Relator John Doe was instructed by Gambin to use the V58.69 code for long-term use of prescribed medication for Medicare coverage.

62. Relator John Doe ordered genetic testing on four (4) Medicare pain management patients to determine whether or not Medicare would reimburse for these claims.

63. Relator John Doe coded these orders V58.69 as instructed by Millennium.

64. Relator John Doe confirmed that Medicare reimburses for medically unnecessary genetic testing when billed under the V58.69 code.

65. It is Relators knowledge and belief that Millennium's testing scheme is marketed to physicians around the country.

66. On February 13, 2014, Gambin sent Relator John Doe an e-mail requesting contact information for physicians with pain patients who she could contact regarding "pro-active" genetic testing.

67. In response to Gambin's February 13, 2014 e-mail, Relator John Doe again requested medical evidence regarding the alleged clinical benefit of genetic testing.

68. In response to Relator John Doe's February 13, 2014th request, Gambin sent a misleading article that is not based upon any scientific data.

69. These agents give false and misleading information to physicians by asserting that the tests are warranted and justified for all pain management patients in order to detect potential pain medication sensitivity.

70. Millennium further markets that this genetic detection would lead to better care by allowing individualized pain management treatment.

71. Millennium's practice and inducements to order genetic testing on all pain management patients is not supported by independent compendia.

72. A 2013 study published in Journal of Pain concluded that current      research      is insufficient to individualize opioid treatment for chronic pain patients based upon personal characteristics including genetic testing.  Bruehl, Stephen, Apkarain Vania A., et. al. "Personalized Medicine and Opioid Analgesic Prescribing for Chronic Pain: Opportunities and Challenges" Journal of Pain. 2013; 14(2): 103-113. On page 106 of the article, the authors specifically addressed the necessity of genetic testing on pain management patients, as follows: "Although these findings are clinically intriguing, genetic data necessary for developing personalized analgesic prescribing protocols are currently lacking."

### Defendant Knowingly Submitted False Claims

73. As defined under 31 U.S.C. §3729(b), "knowing" and "knowingly" mean: (1) actual knowledge of the information; (2) acts in deliberate ignorance of the truth or falsity of the information; or, (3) acts in reckless disregard of the truth or falsity of the information.

74. Defendant Millennium knowingly submitted false claims when it fraudulently induced physicians to routinely order genetic testing by misrepresenting not only the

lack of clinical benefit but also the rarity of the genetic abnormality by providing physicians with misleading medical data.

75. This scheme allows fraudulent reimbursement for unnecessary medical services.

76. This scheme fraudulently misrepresents that routine genetic testing is medically necessary which is material condition of payment.

## COUNT 1

### Federal False Claims Act-Presentation of False Claim-31 U.S.C. § 3729(a)(1)

77. Relators re-allege and incorporate paragraphs 1-76 of this Complaint as if fully set forth herein.

78. This is a claim for penalties and treble damages under the Federal False Claims Act.

79. In performing the acts described above, Defendant through the acts of its officers, agents, employees and sales representatives for the purpose of defrauding the Government, knowingly presented and/or caused to be presented false or fraudulent claims for payment or approval under the Medicare, Medicaid and other Government health programs to officers, employees or agents of the United States Government, within the meaning of 31 U.S.C. § 3729(a)(1).

80. As a result, federal monies were lost through payments made in respect of the claims and other costs were sustained by the Government.

81. Therefore, the Federal Government has been damaged in an amount to be proven at trial.

82. Additionally, the Federal Government is entitled to the maximum penalty of $11,000 for each and every false and fraudulent claim made and caused to be made by Defendant and arising from its fraudulent conduct as described herein.

## COUNT 2
## Federal False Claims Act-False Statements-31 U.S.C. § 3729(a)(2)

83. Relators re-allege and incorporate paragraphs 1-76 of this Complaint as is fully set forth herein.

84. In performing the acts described above, Defendant through the acts of its officers, agents, employees and sales representatives knowingly made, used, or caused to be made or used, false records or statements to get a false or fraudulent claim paid or approved by the Government in violation of 31 U.S.C §3729(a)(2).

85. The United States, unaware of the foregoing circumstances and conduct of the Defendant made full payments which resulted in its being damages in an amount to be determined.

86. Additionally, the Federal Government is entitled to the maximum penalty of $11,000 for each and every false and fraudulent claim paid or approved arising from the Defendant's fraudulent conduct as described herein.

## COUNT 3
## Payment Under Mistake of Fact

87. Relators re-allege and incorporate paragraphs 1-76 of the Complaint as if fully set forth herein.

88. This is an action to recover monies paid by the United States and the States and Cities under a mistake of fact that was caused by Defendant through the activities described in the Complaint.

89. The United States and the States and Cities made payments for genetic testing under the erroneous belief that the records, statements, and proposed amount upon which reimbursement was based were true, correct and proper.

90. The United States and the States' erroneous beliefs were material to the payments made by the States, Cities and Federal Government.

91. Because of these mistakes of fact, the United States and States and Cities paid moneys for genetic testing that was not properly reimbursable and to which the United States and the States and Cities are entitled.

92. By reason of these payments, the United States and the States and Cities have suffered damages in an amount to be determined.

## COUNT 4
### Unjust Enrichment

93. Relators re-allege and incorporate paragraphs 1-76 of the Complaint as if fully set forth herein.

94. This is an action to recover monies by which Defendant has been unjustly enriched.

95. Due to Defendant's improper practices, the United States and the States and Cities paid monies by which Defendant has been unjustly enriched.

96. By reason of their payments, the United States and the States and Cities are entitled to damages in an amount to be determined.

## COUNT 5
### (California False Claims Act-Cal. Gov't Code § 12651(a)(1))

97. Relators re-allege and incorporate paragraphs 1 – 76 of the Complaint as if fully set forth herein.

98. This is a claim for penalties and treble damages for violation of the California False Claims Act.

99. By virtue of the acts described above, Defendant, for the purpose of defrauding the California State Government, knowingly presented and/or caused to be presented false claims for payment or approval under Medicaid and other California State funded programs to officers or employees of the state within the meaning of Cal. Gov't Code § 12651(a)(1).

100. By virtue of the acts described above, Defendant, for the purpose of defrauding the California State Government, knowingly made, used, and/or caused to be made or used, false records or statements to get false claims paid or approved under Medicaid and other California State funded programs within the meaning of Cal. Gov't Code § 12651(a)(2).

101. As a result, California State monies were lost through payments made in respect of the claims and other costs were sustained by the California State Government.

102. Therefore, the California State Government has been damaged in an amount to be proven at trial and is entitled to treble damages as permitted by statute.

103. Additionally, the California State Government is entitled to the maximum penalty of $10,000 for each and every false claim presented and caused to be presented by Defendant and arising from their fraudulent conduct as described herein.

## COUNT 6
### (Colorado Medicaid False Claims Act C.R.S.A. §25.5-4-300.4 *et seq)*

104. Relators re-allege and incorporate paragraphs 1 – 76 of the Complaint as if fully set forth herein.

105. This is a claim for penalties and treble damages under the Colorado Medicaid False Claims Act.

106. By virtue of the acts described above, Defendant, for the purpose of defrauding the Colorado State Government, knowingly made, used, and/or caused to be made or used, false records or statements to get false claims paid or approved under Medicaid and other Colorado State funded programs within the meaning of C.R.S.A §25.5-4-304.

107. As a result, Colorado State monies were lost through payments made in respect of the claims and other costs were sustained by the Colorado State Government.

108. Therefore, the Colorado State Government has been damaged in an amount to be proven at trial and is entitled to treble damages as permitted by statute.

109. Additionally, the Colorado State Government is entitled to the maximum penalty of $10,000 and for each and every false claim paid or approved arising from the Defendant's fraudulent conduct as described herein as well as costs as permitted under the statute.

## COUNT 7
### (Connecticut False Claims Act –C.G.S.A. §17b-301 et seq)

110. Relators re-allege and incorporate paragraphs 1 – 76 of the Complaint as if fully set forth herein.

111. This is a claim for penalties and treble damages under the Connecticut False Claims Act.

112. By virtue of the acts described above, Defendant, for the purpose of defrauding the Connecticut State Government, knowingly made, used, and/or caused to be made or used, false records or statements to get false claims paid or approved under Medicaid

and other Connecticut State funded programs within the meaning of C.G.S.A §17b-301(a) and 301(b).

113. As a result, Connecticut State monies were lost through payments made in respect of the claims and other costs were sustained by the Connecticut State Government.

114. Therefore, the Connecticut State Government has been damaged in an amount to be proven at trial and is entitled to treble damages as permitted by statute.

115. Additionally, the Connecticut State Government is entitled to the maximum penalty of $10,000 and for each and every false claim paid or approved arising from the Defendant's fraudulent conduct as described herein as well as costs as permitted under the statute.

## COUNT 8
### (Delaware False Claims and Reporting Act- 6 Del. C. § 1201 et seq)

116. Relators re-allege and incorporate paragraphs 1 – 76 of the Complaint as if fully set forth herein.

117. This is a claim for penalties and treble damages under the Delaware False Claims and Reporting Act.

118. By virtue of the acts described above, Defendant, for the purpose of defrauding the Delaware State Government, knowingly presented and/or caused to be presented, directly or indirectly, false or fraudulent claims for payment or approval under Medicaid and other Delaware State funded programs to officers or employees of the state within the meaning of 6 Del. C. § 1201(a)(1)

119. By virtue of the acts described above, Defendant, for the purpose of defrauding the Delaware State Government, knowingly made, used, and/or caused to be made or used, directly or indirectly, false records or statements to get false or fraudulent

claims paid or approved under Medicaid and other Delaware State funded programs within the meaning of 6 Del. C. § 1201(a)(2).

120. As a result, Delaware State monies were lost through payments made in respect of the claims and other costs were sustained by the Delaware State Government.

121. Therefore, the Delaware State Government has been damaged in an amount to be proven at trial and is entitled to treble damages as permitted under the statute.

122. Additionally, the Delaware State Government is entitled to the maximum penalty of $11,000 for each and every false and fraudulent claim presented and caused to be presented by Defendant and arising from its fraudulent conduct as described herein.

## COUNT 9
## (District of Columbia Procurement Reform Amendment Act-D.C. Code § 2-308 et seq)

123. Relators re-allege and incorporate paragraphs 1 – 76 of the Complaint as if fully set forth herein.

124. This is a claim for penalties and treble damages under the District of Columbia Procurement Reform Amendment Act.

125. By virtue of the acts described above, Defendant, for the purpose of defrauding the District of Columbia Government, knowingly presented and/or caused to be presented, false claims for payment or approval under Medicaid and other District of Columbia funded programs to officers or employees of the District within the meaning of D.C. Code § 2-308.14(a)(1).

126. By virtue of the acts described above, Defendant, for the purpose of defrauding the District of Columbia Government, knowingly made, used, and/or caused to be made or used, false records or statements to get false claims paid or approved under

Medicaid and other District of Columbia funded programs within the meaning of D.C. Code § 2-308.14(a)(2).

127. As a result, District of Columbia monies were lost through payments made in respect of the claims and other costs were sustained by the District of Columbia Government.

128. Therefore, the District of Columbia Government has been damaged in an amount to be proven at trial and is entitled to treble damages as permitted by statute.

129. Additionally, the District of Columbia Government is entitled to the maximum penalty of $10,000 for each and every false claim presented and caused to be presented by Defendant and arising from its fraudulent conduct as described herein.

## COUNT 10
### (Florida False Claims Act-Fla. Stat. § 68.082 et seq)

130. Relators re-allege and incorporate paragraphs 1 – 76 of the Complaint as if fully set forth herein.

131.This is a claim for penalties and treble damages under the Florida False Claims Act.

132. By virtue of the acts described above, Defendant, for the purpose of defrauding the Florida State Government, knowingly presented and/or caused to be presented false claims for payment or approval under Medicaid and other Florida State funded programs to officers or employees of the state within the meaning of Fla. Stat. § 68.082(2)(a).

133. By virtue of the acts described above, Defendant, for the purpose of defrauding the Florida State Government, knowingly made, used, and/or caused to be made or used, false records or statements to get false or fraudulent claims paid or approved under Medicaid and other Florida State funded programs within the meaning of Fla. Stat. § 68.082(2)(b).

134. As a result, Florida State monies were lost through payments made in respect of the claims and other costs were sustained by the Florida State Government.

135. Therefore, the Florida State Government has been damaged in an amount to be proven at trial and is entitled to treble damages as permitted by statute.

136. Additionally, the Florida State Government is entitled to the maximum penalty of $10,000 for each and every false claim presented and caused to be presented by Defendant and arising from its fraudulent conduct as described herein.

**COUNT 11**
**(Georgia State False Medicaid Claims Act-Ga. Code Ann. § 49-4-168 et seq)**

137. Relator re-alleges and incorporates paragraphs 1 – 76 of the Complaint as if fully set forth herein.

138. This is a claim for penalties and treble damages under the Georgia State False Medicaid Claims Act.

139. By virtue of the acts described above, Defendant, for the purpose of defrauding the Georgia State Government, knowingly presented and/or caused to be presented to the Georgia Medicaid program false or fraudulent claims for payment or approval within the meaning of Ga. Code Ann. § 49-4-168.1(a)(1).

140. By virtue of the acts described above, Defendant, for the purpose of defrauding the Georgia State Government, knowingly made, used, and/or caused to be made or used, false records or statements to get false or fraudulent claims paid or approved by the Georgia Medicaid program within the meaning of Ga. Code Ann. § 49-4-168.1(a)(2).

141. As a result, Georgia State monies were lost through payments made in respect of the claims and other costs were sustained by the Georgia State Government.

142. Therefore, the Georgia State Government has been damaged in an amount to be proven at trial and is entitled to treble damages as permitted by statute.

143. Additionally, the Georgia State Government is entitled to the maximum penalty of $11,000 for each and every false or fraudulent claim presented or caused to be presented by Defendant and arising from their fraudulent conduct as described herein.

## COUNT 12
### (Hawaii False Claims Act- Haw. Rev. Stat. § 661-21 et seq)

144. Relators re-allege and incorporate paragraphs 1 – 76 of the Complaint as if fully set forth herein.

145. This is a claim for penalties and treble damages under the Hawaii False Claims Act.

146. By virtue of the acts described above, Defendant, for the purpose of defrauding the Hawaii State Government, knowingly presented and/or caused to be presented false or fraudulent claims for payment or approval under Medicaid and other Hawaii State funded programs to officers or employees of the state within the meaning of Haw. Rev. Stat. § 661-21(a)(1).

147. By virtue of the acts described above, Defendant, for the purpose of defrauding the Hawaii State Government, knowingly made, used, and/or caused to be made or used, false records or statements to get false or fraudulent claims paid or approved under Medicaid and other Hawaii State funded programs within the meaning of Haw.Rev. Stat. § 661-21)(a)(2).

148. As a result, Hawaii State monies were lost through payments made in respect of the claims and other costs were sustained by the Hawaii State Government.

149. Therefore, the Hawaii State Government has been damaged in an amount to be proven at trial and is entitled to treble damages as permitted by statute.

150. Additionally, the Hawaii State Government is entitled to the maximum penalty of $10,000 for each and every false or fraudulent claim presented and caused to be presented by Defendant and arising from its fraudulent conduct as described herein.

## COUNT 13
### (Illinois Whistleblower Reward and Protection Act-740 Ill. Comp. Stat. 175/3 et seq)

151. Relators re-allege and incorporate paragraphs 1 – 76 of the Complaint as if fully set forth herein.

152. This is a claim for penalties and treble damages under the Illinois Whistleblower Reward and Protection Act.

153. By virtue of the acts described above, Defendant, for the purpose of defrauding the Illinois State Government, knowingly presented and/or caused to be presented false or fraudulent claims

for payment or approval under Medicaid and other Illinois State funded programs

to officers or employees of the state within the meaning of 740 Ill. Comp. Stat.

175/3(a)(1).

154. By virtue of the acts described above, Defendant, for the purpose of defrauding the Illinois State Government, knowingly made, used, and/or caused to be made or used, false records or statements to get false or fraudulent claims paid or approved under Medicaid and other Illinois State funded programs within the meaning of 740 Ill. Comp. Stat. 175/3(a)(2).

155. As a result, Illinois State monies were lost through payments made in respect of the claims and other costs were sustained by the Illinois State Government.

156. Therefore, the Illinois State Government has been damaged in an amount to be proven at trial and is entitled to treble damages as permitted by statute.

157. Additionally, the Illinois State Government is entitled to the maximum penalty of $10,000 for each and every false or fraudulent claim presented and caused to be presented by Defendant and arising from its fraudulent conduct as described herein.

## COUNT 14
### (Indiana False Claims and Whistleblower Protection Act Ind. Code § 5-11-5.5-2 et seq)

158. Relators re-allege and incorporate paragraphs 1 – 76 of the Complaint as if fully set forth herein.

159. This is a claim for penalties and treble damages under the Indiana False Claims and Whistleblower Protection Act.

160. By virtue of the acts described above, Defendant, for the purpose of defrauding the Indiana State Government, knowingly or intentionally presented and/or caused or induced another to present false claims under Medicaid and other Indiana State funded programs to the state for payment or approval within the meaning of Ind. Code § 5-11-5.5-2(b)(1) and (8).

161. By virtue of the acts described above, Defendant, for the purpose of defrauding the Indiana State Government, knowingly or intentionally made, used, and/or caused or induced another to make or use, false records or statements to obtain payment or approval of a false claim under Medicaid and other Indiana State funded programs within the meaning of Ind. Code § 5-11-5.5-2(b)(2) and (8).

162. As a result, Indiana State monies were lost through payments made in respect of the claims and other costs were sustained by the Indiana State Government.

163. Therefore, the Indiana State Government has been damaged in an amount to be proven at trial and is entitled to treble damages as permitted by statute.

164. Additionally, the Indiana State Government is entitled to a civil penalty of at least $5,000 for each and every false or fraudulent claim paid or approved arising from the Defendant's fraudulent conduct as describe herein.

**COUNT 15**
**(Iowa False Claims Act- I.C.A. §685.2 et seq)**

165. Relators re-allege and incorporate paragraphs 1 – 76 of the Complaint as if fully set forth herein.

166. This is a claim for penalties and treble damages under the Iowa False Claims Act.

167. By virtue of the acts described above, Defendant, for the purpose of defrauding the Iowa State Government, knowingly made, used, and/or caused to be made or used, false records or statements to get false claims paid or approved under Medicaid and other Iowa State fund, Iowa State monies were lost through payments made in respect of the claims and other costs were sustained by the Iowa State Government.

168. Therefore, the Iowa State Government has been damaged in an amount to be proven at trial and is entitled to treble damages as permitted by statute.

169. Additionally, the Iowa State Government is entitled to the maximum penalty of $10,000 and for each and every false claim paid or approved arising from the Defendant's fraudulent conduct as described herein as well as costs as permitted under the statute.

## COUNT 16
### (Louisiana Medical Assistance Programs Integrity Law La. Rev. Stat. 46:438.3(A) and (B))

170. Relators re-allege and incorporate paragraphs 1 – 76 of the Complaint as if fully set forth herein.

171. This is a claim for a fine and damages under the Louisiana Medical Assistance Programs Integrity Law.

172. By virtue of the acts described above, Defendant, for the purpose of defrauding the Louisiana State Government, knowingly presented and/or caused to be presented false or fraudulent claims for payment or approval under Medicaid and other Louisiana State funded programs within the meaning of La. Rev. Stat. 46:438.3(A). By virtue of the acts described above, Defendant, for the purpose of defrauding the Louisiana State Government, knowingly engaged in misrepresentations to obtain, or attempt to obtain, payment from medical assistance program funds within the meaning of La. Rev. Stat. 46:483.3(B).

173. As a result, Louisiana State monies were lost through payments made in respect of the claims and other costs were sustained by the Louisiana State Government.

174. Therefore, the Louisiana State Government has been damaged in an amount to be proven at trial and is entitled to treble damages as permitted by statute.

175. Additionally, the Louisiana State Government is entitled to the maximum civil fine in the amount of three times the amount of actual damages sustained by the medical assistance programs as a result of the violations described herein. La. Rev. Stat. 46:438.6(B)(2).

## COUNT 17
### (Maryland False Claims Act- Md. Code Health General §2-601 et seq)

176. Relators re-allege and incorporate paragraphs 1 – 76 of the Complaint as if fully set forth herein.

177. This is a claim for a fine and damages under the Maryland False Claims Act.

178. By virtue of the acts described above, Defendant, for the purpose of defrauding the Maryland State Government, knowingly engaged in misrepresentations to obtain, or attempt to obtain, payment from medical assistance program funds within the meaning of Md. Code Health General §2-601-602).

179. As a result, Maryland State monies were lost through payments made in respect of the Defendant's conduct and other costs were sustained by the Maryland State Government.

180. Therefore, the Maryland State Government has been damaged in an amount to be proven at trial.

181. Additionally, the Maryland State Government is entitled to the maximum civil fine in the amount of three times the amount of actual damages sustained by the medical assistance programs as a result of the violations described herein. Md. Code Health General §2-602).

## COUNT 18
### (Massachusetts False Claims Act- Mass. Gen. L. Ch. 12, §§ 5B(2))

182. Relators re-allege and incorporate paragraphs 1 – 76 of the Complaint as if fully set forth herein.

183. This is a claim for penalties and treble damages under the Massachusetts False Claims Act.

184. By virtue of the acts described above, Defendant, for the purpose of defrauding the Massachusetts Commonwealth Government, knowingly made, used, and/or caused to be made or used, false records or statements to obtain payment or approval of claims by the Commonwealth within the meaning of Mass. Gen. L. Ch. 12, §§ 5B(2).

185. As a result, Massachusetts Commonwealth monies were lost through payments made in respect of the claims and other costs were sustained by the Massachusetts Commonwealth Government.

186. Therefore, the Massachusetts Commonwealth Government has been damaged in an amount to be proven at trial and is entitled to treble damages as permitted by statute.

187. Additionally, the Massachusetts Commonwealth Government is entitled to the maximum penalty of $10,000 for each and every false or fraudulent claim paid or approved arising from the Defendant's fraudulent conduct as described herein.

### COUNT 19
### (Michigan Medicaid False Claims Act Mich. Comp. Laws § 400.601 et seq)

188. Relators re-allege and incorporate paragraphs 1 – 76 of the Complaint as if fully set forth herein.

189. This is a claim for damages and a civil penalty under the Michigan Medicaid False Claims Act.

190. By virtue of the acts described above, Defendant, for the purpose of defrauding the Michigan State Government, made or presented, or caused to be made or presented, to an employee or officer of the State of Michigan a claim under the social welfare act, Act No. 280 of the Public Acts of 1939, as amended, being sections 400.1 to

400.121 of the Michigan Compiled Laws, upon or against the State, knowing the claim to be false within the meaning of Mich. Comp. Law §§ 400.601 *et seq*.

191. As a result, Michigan State monies were lost through payments made in respect of the claims and other costs were sustained by the Michigan State Government.

192. Therefore, the Michigan State Government has been damaged in an amount to be proven at trial.

193. Additionally, the Michigan State Government is entitled to a civil penalty equal to the full amount of the benefit received by the Defendant plus triple the amount of damages suffered by the state as a result of the conduct by Defendant as described herein.

## COUNT 20
## (Minnesota False Claims Act Minn. Stat. §15C.01 et seq)

194. Relators re-allege and incorporate paragraphs 1 – 76 of the Complaint as if fully set forth herein.

195. This is a claim for penalties and treble damages under the Minnesota False Claims Act.

196. By virtue of the acts described above, Defendant, for the purpose of defrauding the Minnesota Government, knowingly made, used, and/or caused to be made or used, false records or statements to obtain payment or approval of claims by the Minnesota Government within the meaning of Minn. Stat §15C.01.

197. As a result, Minnesota State monies were lost through payments made in respect of the claims and other costs were sustained by the Minnesota Government.

198. Therefore, the Minnesota Government has been damaged in an amount to be proven at trial and is entitled to treble damages as permitted by statute.

199. Additionally, the Minnesota Government is entitled to the maximum penalty of $11,000 for each and every false or fraudulent claim paid or approved arising from the Defendant's fraudulent conduct as described herein as well.

200. Additionally, the Minnesota Government is entitled to a civil penalty equal to the full amount of the benefit received by the Defendant plus triple the amount of damages suffered by the state as a result of the conduct by Defendant as described herein.

**COUNT 21**
**(Montana False Claims Act- M.C.A. §17-8-401 et seq)**

201. Relators re-allege and incorporate paragraphs 1 – 76 of the Complaint as if fully set forth herein.

202. This is a claim for damages and a civil penalty under the Montana Medicaid False Claims Act.

203. By virtue of the acts described above, Defendant, for the purpose of defrauding the Montana State Government, made or presented, or caused to be made or presented, to an employee or officer of the State of Montana a claim knowing the claim to be false within the meaning of M.C.A. § 17-8-402.

204. As a result, Montana State monies were lost through payments made in respect of the claims and other costs were sustained by the Montana State Government.

205. Therefore, the Montana State Government has been damaged in an amount to be proven at trial and is entitled to treble damages as permitted by statute.

206. Additionally, the Montana State Government is entitled to a civil penalty equal to the full amount of the benefit received by the Defendant plus triple the amount of

damages suffered by the State as a result of the conduct by Defendant as described herein.

## COUNT 22
### (Nevada False Claims Act Nev. Rev. Stat. § 357.040(1)(a))

207. Relators re-allege and incorporate paragraphs 1 – 76 of the Complaint as if fully set forth herein.

208. This is a claim for penalties and treble damages under the Nevada False Claims Act, entitled "Submission of False Claims to State or Local Government."

209. By virtue of the acts described above, Defendant, for the purpose of defrauding the Nevada State Government, knowingly presented and/or caused to be presented false claims for payment or approval under Medicaid and other Nevada State funded programs within the meaning of Nev. Rev. Stat. § 357.040(1)(a).

210. By virtue of the acts described above, Defendant, for the purpose of defrauding the Nevada State Government, knowingly made, used, and/or caused to be made or used, false records or statements to get false claims paid or approved under Medicaid and other Nevada State funded programs within the meaning of Nev. Rev. Stat. § 357.040(1)(b).

211. As a result, Nevada State monies were lost through payments made in respect of the claims and other costs were sustained by the Nevada State Government.

212. Therefore, the Nevada State Government has been damaged in an amount to be proven at trial and is entitled to treble damages as permitted by statute.

213. Additionally, the Nevada State Government is entitled to the maximum penalty of $10,000 for each and every false claim presented and caused to be presented by Defendant and arising from their fraudulent conduct as described herein.

31

**COUNT 23**
**(New Hampshire False Claims Act N.H. Rev. Stat. Ann. § 167:61-b(I)(a)- (b))**

214. Relators re-allege and incorporate paragraphs 1 – 76 of the Complaint as if fully set forth herein.

215. This is a claim for penalties and treble damages under the New Hampshire False Claims Act.

216. By virtue of the acts described above, Defendant, for the purpose of defrauding the New Hampshire State Government, knowingly presented and/or caused to be presented false claims for payment or approval under Medicaid and other New Hampshire State funded programs to officers or employees of the state within the meaning of N.H. Rev. Stat. Ann. § 167:61-b(I)(a).

217. By virtue of the acts described above, Defendant, for the purpose of defrauding the New Hampshire State Government, knowingly made, used, and/or caused to be made or used, false records or statements to get false claims paid or approved under Medicaid and other New Hampshire State funded programs within the meaning of N.H. Rev. Stat. Ann. § 167:61-b(I)(b).

218. As a result, New Hampshire state monies were lost through payments made in respect of the claims and other costs were sustained by the New Hampshire State Government.

219. Therefore, the New Hampshire State Government has been damaged in an amount to be proven at trial and is entitled to treble damages as permitted by statute.

220. Additionally, the New Hampshire State Government is entitled to the maximum penalty of $10,000 for each and every false claim presented and caused to be presented by Defendant arising from its fraudulent conduct as described herein.

## COUNT 24
### (New Jersey False Claims Act- N.J.S.A. 2A:32C-1 et seq)

221. Relators re-allege and incorporate paragraphs 1 – 76 of the Complaint as if fully set forth herein.

222. This is a claim for penalties and treble damages under the New Jersey False Claims Act.

223. By virtue of the acts described above, Defendant, for the purpose of defrauding the New Jersey State Government, knowingly presented and/or caused to be presented false claims for payment under Medicaid and other New Jersey State funded programs to the State within the meaning of N.J.S.A. 2A:32C-2).

224. As a result, New Jersey State monies were lost through payments made in respect of the claims and other costs were sustained by the New Jersey State Government.

225. Therefore, the New Jersey State Government has been damaged in an amount to be proven at trial and is entitled to treble damages as permitted by statute.

226. Additionally, the New Jersey State Government is entitled to the maximum penalty under N.J.S.A. 2A:32C-3 for each and every false claim presented and caused to be presented by Defendant and arising from its fraudulent conduct as described herein.

## COUNT 25
### (New Mexico Medicaid False Claims Act N.M. Stat. Ann. § 27-14-4 et seq)

227. Relator re-alleges and incorporates paragraphs 1 – 76 of the Complaint as if fully set forth herein.

228. This is a claim for penalties and treble damages under the New Mexico Medicaid False Claims Act.

229. By virtue of the acts described above, Defendant, for the purpose of defrauding the New Mexico State Government, knowingly presented and/or caused to be presented false claims for payment under Medicaid and other New Mexico State funded programs to the State within the meaning of N.M. Stat. Ann. § 27-14-4(A).

230. By virtue of the acts described above, Defendant, for the purpose of defrauding the New Mexico State Government, knowingly made, used, and/or caused to be made or used, false records or statements to get false claims paid or approved under Medicaid and other New Mexico State funded programs within the meaning of N.M. Stat. Ann. § 27-14-4(C).

231. As a result, New Mexico State monies were lost through payments made in respect of the claims and other costs were sustained by the New Mexico State Government.

232. Therefore, the New Mexico State Government has been damaged in an amount to be proven at trial and is entitled to treble damages as permitted by statute.

233. Additionally, the New Mexico State Government is entitled to the maximum penalty for each and every false claim presented and caused to be presented by Defendant and arising from their fraudulent conduct as described herein.

## COUNT 26
### (New York False Claims Act N.Y. State Fin. Law § 189(1)(a)-(b))

234. Relators re-allege and incorporate paragraphs 1 – 76 of the Complaint as if fully set forth herein.

235. This is a claim for penalties and treble damages under the New York False Claims Act.

236. By virtue of the acts described above, Defendant, for the purpose of defrauding the New York State Government, knowingly presented and/or caused to be presented false claims for payment or approval under Medicaid and other New York State funded programs to officers or employees or agents of the state within the meaning of N.Y. State Fin. Law § 189(1)(a).

237. By virtue of the acts described above, Defendant, for the purpose of defrauding the New York State Government, knowingly made, used, and/or caused to be made or used, false records or statements to get false claims paid or approved under Medicaid and other New York State funded programs within the meaning of N.Y. State Fin. Law § 189(1)(b).

238. As a result, New York State monies were lost through payments made in respect of the claims and other costs were sustained by the New York State Government.

239. Therefore, the New York State Government has been damaged in an amount to be proven at trial and is entitled to treble damages as permitted by statute.

240. Additionally, the New York State Government is entitled to the maximum penalty of $12,000 for each and every false claim presented and caused to be presented by Defendant and arising from its fraudulent conduct as described herein.

### COUNT 27
### (North Carolina False Claims Act- N.C.G.S.A. § 1-605 et seq.)

241. Relators re-allege and incorporate paragraphs 1 – 76 of the Complaint as if fully set forth herein.

242. This is a claim for penalties and treble damages under the North Carolina False Claims Act.

243. By virtue of the acts described above, Defendant, for the purpose of defrauding the North Carolina State Government, knowingly presented and/or caused to be presented false claims for payment or approval under Medicaid and other North Carolina State funded programs to officers or employees of the state within the meaning of N.C.G.S.A. § 1-606.

244. As a result, North Carolina State monies were lost through payments made in respect of the claims and other costs were sustained by the North Carolina State Government.

245. Therefore, the North Carolina State Government has been damaged in an amount to be proven at trial and is entitled to treble damages as permitted by statute.

246. Additionally, the North Carolina State Government is entitled to the maximum penalty of $11,000 for each and every false claim presented and caused to be presented by Defendant and arising from its fraudulent conduct as described herein.

## COUNT 28
### (Oklahoma Medicaid Program Integrity Act- 56 Okl. St. Ann. §1001 et seq)

247. Relators re-allege and incorporate paragraphs 1 – 76 of the Complaint as if fully set forth herein.

248. This is a claim for penalties and treble damages under the Oklahoma False Claims Act.

249. By virtue of the acts described above, Defendant, for the purpose of defrauding the Oklahoma State Government, knowingly presented and/or caused to be presented false claims for payment or approval under Medicaid and other Oklahoma State funded programs to officers or employees of the state within the meaning of 56 Okl. St. Ann. §1005.

36

250. As a result, Oklahoma State monies were lost through payments made in respect of the claims and other costs were sustained by the Oklahoma State Government.

251. Therefore, the Oklahoma State Government has been damaged in an amount to be proven at trial and is entitled to treble damages as permitted by statute.

252. Additionally, the Oklahoma State Government is entitled under 56 Okl. St. Ann. §1006 to the maximum penalty of $10,000 for each and every false claim presented and caused to be presented by Defendant Manufacturer/ Distributors and arising from their fraudulent conduct as described herein.

## COUNT 29
### (Rhode Island State False Claims Act- Gen. Laws 1956, § 9-1.1-1)

253. Relators re-allege and incorporate paragraphs 1 – 76 of the Complaint as if fully set forth herein.

254. This is a claim for penalties and treble damages under the State False Claims Act.

255. By virtue of the acts described above, Defendant, for the purpose of defrauding the Rhode Island State Government, knowingly presented and/or caused to be presented false claims for payment or approval under Medicaid and other Rhode Island State funded programs to officers or employees of the state within the meaning of Gen. Laws 1956, § 9-1.1-3.

256. As a result, Rhode Island State monies were lost through payments made in respect of the claims and other costs were sustained by the Rhode Island State Government.

257. Therefore, the Rhode Island State Government has been damaged in an amount to be proven at trial and is entitled to treble damages as permitted by statute.

258. Additionally, the Rhode Island State Government is entitled under Gen. Laws 1956, § 9-1.1-3 to the maximum penalty of $10,000 for each and every false claim

presented and caused to be presented by Defendant and arising from its fraudulent conduct as described herein.

## COUNT 30
### (Tennessee Medicaid False Claims Act Tenn. Code Ann. § 71-5-182(a)(1)(A)-(B))

266. Relators re-allege and incorporate paragraphs 1 – 76 of the Complaint as if fully set forth herein.

267. This is a claim for penalties and treble damages under the Tennessee Medicaid False Claims Act.

268. By virtue of the acts described above, Defendant, for the purpose of defrauding the Tennessee State Government, knowingly presented and/or caused to be presented to the state claims for payment under the Medicaid program knowing such claims were false or fraudulent within the meaning of Tenn. Code Ann. § 71-5-182(a)(1)(A).

269. By virtue of the acts described above, Defendant, for the purpose of defrauding the Tennessee State Government, knowingly made, used, and/or caused to be made or used, records or statements to get false or fraudulent claims under the Medicaid program paid for or approved by the state knowing such record or statement were false within the meaning of Tenn. Code Ann. § 71-5-182(a)(1)(B).

270. As a result, Tennessee State monies were lost through payments made in respect of the claims and other costs were sustained by the Tennessee State Government.

271. Therefore, the Tennessee State Government has been damaged in an amount to be proven at trial and is entitled to treble damages as permitted by statute.

272. Additionally, the Tennessee State Government is entitled to the maximum penalty of $10,000 for each and every false or fraudulent claim paid or approved arising from the Defendant's fraudulent conduct as described herein.

## COUNT 31
### (Texas Medicaid Fraud Prevention Law Tex. Hum. Res. Code § 36.002 et seq)

273. Relators re-allege and incorporate paragraphs 1 – 76 of the Complaint as if fully set forth herein.

274. This is a claim for restitution, interest, penalties and double damages under the Medicaid Fraud Prevention Law.

275. By virtue of the acts described above, the Defendant, for the purpose of defrauding the Texas State Government, knowingly or intentionally made, and/or caused to be made, false statements or representations of material facts on applications for contracts, benefits, or payments under the Medicaid program, within the meaning of Tex. Hum. Res. Code § 36.002(1)(A).

276. By virtue of the acts described above, the Defendant Manufacturer/Distributors, for the purpose of defrauding the Texas State Government, knowingly or intentionally made, caused to be made, induced, and/or sought to induce, the making of false statements or misrepresentations of material fact concerning information required to be provided by a federal or state law, rule, regulation, or provider agreement pertaining to the Medicaid program, within the meaning of Tex. Hum. Res. Code § 36.002(4)(B).

277. As a result, Texas State monies were lost through payments made in respect of the false statements or representations and other costs were sustained by the Texas State Government.

278. Therefore, the Texas State Government has been damaged in an amount to be proven at trial and is entitled to treble damages as permitted by statute.

279. Additionally, the Texas State Government is entitled to the maximum penalty of $10,000 for each and every unlawful act committed by the Defendant under this provision. Tex. Hum. Res. Code § 36.052(3)(B).

## COUNT 32
### (Virginia Fraud Against Taxpayers Act Va. Code Ann. § 8.01-216.3(A)(1)-(2))

280. Relators re-allege and incorporate paragraphs 1 – 76 of the Complaint as if fully set forth herein.

281. This is a claim for penalties and treble damages under the Virginia Fraud Against Taxpayers Act.

282. By virtue of the acts described above, Defendant, for the purpose of defrauding the Virginia Commonwealth Government, knowingly presented and/or caused to be presented false or fraudulent claims for payment or approval under Medicaid and other Virginia Commonwealth funded programs to officers or employees of the Commonwealth within the meaning of Va. Code Ann. § 8.01-216.3(A)(1).

283. By virtue of the acts described above, Defendant, for the purpose of defrauding the Virginia Commonwealth Government, knowingly made, used, and/or caused to be made or used, false records or statements to get false or fraudulent claims paid or

.

approved by the Commonwealth under Medicaid and other Virginia Commonwealth funded programs within the meaning of Va. Code Ann. § 8.01-216.3(A)(2).

284. As a result, Virginia Commonwealth monies were lost through payments made in respect of the claims and other costs were sustained by the Virginia Commonwealth Government.

285. Therefore, the Virginia Commonwealth Government has been damaged in an amount to be proven at trial and is entitled to treble damages as permitted by statute.

286. Additionally, the Virginia Commonwealth Government is entitled to the maximum penalty of $10,000 for each and every false or fraudulent claim presented and caused to be presented by Defendants and arising from their fraudulent conduct as described herein.

## COUNT 33
## (Washington Medicaid Fraud False Claims Act - Rev. Code Wash. (ARCW) Title 74, Ch. 74.66 *et seq.*)

287. Relator re-alleges and incorporates paragraphs 1 – 76 of the Complaint as if fully set forth herein.

288. This is a claim within the meaning of Rev. Code Wash. (ARCW) § 74.66.010(1)(a) for penalties and treble damages under the Washington Medicaid Fraud False Claims Act.

289. By virtue of the acts described above, Defendants, for the purpose of defrauding the Washington Government, knowingly made, used, and/or caused to be made or used, false records or statements to get false or fraudulent claims paid or approved by the Washington government entity under Medicaid funded programs within the meaning of Rev. Code Wash. (ARCW) § 74.66.010(6).

290. As a result, Washington State monies were lost through payments made in respect of the claims and other costs that were sustained by the Washington State Government. Therefore, the Washington State Government has been damaged in an amount to be proven at trial and is entitled to treble damages as permitted by statute.

291. Additionally, the Washington State Government is entitled to a civil penalty of not less than five thousand five hundred dollars ($5,500) and not more than eleven thousand dollars ($11,000) for each and every false or fraudulent claim presented and caused to be presented by Defendants and arising from their fraudulent conduct as described herein.

## COUNT 34
### (Wisconsin Medical Assistance False Claims Act -W.S.A. 49.485; 49.49)

292. Relators re-allege and incorporate paragraphs 1 – 76 of the Complaint as if fully set forth herein.

293. This is a claim for penalties and treble damages under the Wisconsin Medical Assistance False Claims Act.

294. By virtue of the acts described above, Defendant, for the purpose of defrauding the Wisconsin Government, knowingly made, used, and/or caused to be made or used, false records or statements to get false or fraudulent claims paid or approved by the State under Medicaid and other Wisconsin State funded programs within the meaning of W.S.A. 49.485; 49.49.

295. As a result, Wisconsin State monies were lost through payments made in respect of the claims and other costs were sustained by the Wisconsin State Government.

296. Therefore, the Wisconsin State Government has been damaged in an amount to be proven at trial and is entitled to treble damages as permitted by statute.

297. Additionally, the Wisconsin State Government is entitled under to the maximum penalty of $10,000 for each and every false or fraudulent claim paid or approved arising from the Defendant's fraudulent conduct as described herein.

## COUNT 35
### (Chicago False Claims Act Chicago Mun. Code Ch. 1-22-020(1)-(2))

298. Relators re-allege and incorporate paragraphs 1 – 76 of the Complaint as if fully set forth herein.

299. This is a claim for penalties and treble damages under the Chicago False Claims Act.

300. By virtue of the acts described above, Defendant, for the purpose of defrauding the Chicago City Government, knowingly presented and/or caused to be presented false claims for payment or approval under Medicaid and other Chicago City funded programs to officers or employees of the City within the meaning of Chicago Mun. Code Ch. 1-22-020(1).

301. By virtue of the acts described above, Defendant, for the purpose of defrauding the Chicago City Government, knowingly made, used, and/or caused to be made or used, false records or statement to get false claims paid or approved under Medicaid and other Chicago City funded programs within the meaning of Chicago Mun. Code ch. 1-22-020(2).

302. As a result, Chicago City monies were lost through payments made in respect of the claims and other costs were sustained by the Chicago City Government.

303. Therefore, the Chicago City Government has been damaged in an amount to be proven at trial and is entitled to treble damages as permitted by statute.

304. Additionally, the Chicago City Government is entitled to the maximum penalty of $10,000 for each and every false claim presented and caused to be presented by Defendant arising from its fraudulent conduct as described herein.

## COUNT 36
### (New York City False Claims Act NYC Admin. Code § 7-803(a)(1))

305. Relators re-allege and incorporate paragraphs 1 – 76 of the Complaint as if fully set forth herein.

306. This is a claim for penalties and treble damages under the New York City False Claims Act.

307. By virtue of the acts described above, Defendant, for the purpose of defrauding the New York City Government, knowingly presented and/or caused to be presented false claims for payment or approval under Medicaid and other New York City funded programs to officers or employees of the City within the meaning of NYC Admin. Code § 7-803(a)(1).

308. By virtue of the acts described above, Defendant, for the purpose of defrauding the New York City Government, knowingly made, used, and/or caused to be made or used, false records or statements to get false claims paid or approved under Medicaid and other New York City funded programs within the meaning of NYC Admin. Code § 7-803(a)(2).

309. As a result, New York City monies were lost through payments made in respect of the claims and other costs were sustained by the New York City Government.

310. Therefore, the New York City Government has been damaged in an amount to be proven at trial and is entitled to treble damages as permitted by statute.

311. Additionally, the New York City Government is entitled to the maximum penalty of $15,000 for each and every false claim presented and caused to be presented by Defendant and arising from its fraudulent conduct as described herein.

## PRAYER FOR RELIEF

WHEREFORE, Relators pray for the following relief:

A. Judgment in an amount equal to treble the damages to be proven at trial against Defendant and in favor of the United States, plus a civil penalty of up to $11,000 for each violation of 31 U.S.C. § 3729 proven at trial;

B. Judgment in amount of proven damages at trial for payment in mistake of fact and unjust enrichment;

C. Judgment in an amount equal to treble the damages to be proven at trial against Defendant and in favor of the State of California, plus a civil penalty of $10,000 for each violation of Cal. Gov't Code § 12651 proven at trial;

D. Judgment in an amount equal to treble the damages to be proven at trial against Defendant and in favor of the State of Colorado, plus a penalty of $10,000 for each violation of the Colorado False Claims Act, C.R.S.A §25.5-4-304, as well as costs as permitted under the statute;

E. Judgment in an amount equal to treble the damages to be proven at trial against Defendant and in favor of the State of Connecticut, plus a penalty of $10,000 for each violation of the Connecticut State funded programs within the meaning of C.G.S.A §17b-301(a) and 301(b), as well as costs as permitted under the statute;

F. Judgment in an amount equal to treble damages to be proven at trial against Defendant and in favor of the State of Delaware, plus a civil penalty of $11,000 for each violation of 6 Del. C. § 1201 proven at trial;

G. Judgment in an amount equal to treble the damages to be proven at trial against Defendant and in favor of the District of Columbia, plus a civil penalty of $10,000 for each violation of D.C. Code Ann. § 2-308.14 proven at trial;

H. Judgment in an amount equal to treble the damages to be proven at trial against Defendant and in favor of the State of Florida, plus a civil penalty of $10,000 for each violation of Fla. Stat. Ann. § 68.082 proven at trial;

I. Judgment in an amount equal to threefold the damages to be proven at trial against Defendant and in favor of the State of Georgia, plus a civil penalty of $11,000 for each violation of Ga. Code Ann. § 49-4-168.1 proven at trial;

J. Judgment in an amount equal to treble the damages to be proven at trial against Defendant and in favor of the State of Hawaii, plus a civil penalty of $10,000 for each violation of Haw. Rev. Stat. § 661-21 proven at trial;

K. Judgment in an amount equal to treble the damages to be proven at trial against Defendant and in favor of the State of Illinois, plus a civil penalty of $10,000 for each violation of 740 Ill. Comp. Stat. § 175/3 proven at trial;

L. Judgment in an amount equal to treble the damages to be proven at trial against Defendant and in favor of the State of Indiana, plus a civil penalty of at least $5,000 for each violation of Ind. Code § 5-11-5.5-2(b) proven at trial;

M. Judgment in an amount equal to treble the damages to be proven at trial against Defendant and in favor of the State of Iowa, plus a civil penalty of at least $10,000 for

each violation of the Iowa False Claims Act proven at trial as well as costs as permitted by statute;

N. Judgment in an amount equal to the damages to be proven at trial against Defendant and in favor of the State of Louisiana, plus a civil fine in the amount of three times the amount of actual damages sustained for each violation of La. Rev. Stat. 46:438.3 proven at trial;

O. Judgment in an amount equal to treble the damages to be proven at trial against Defendant and in favor of the State of Maryland plus a civil fine in the amount of three times the amount of actual damages sustained by the medical assistance programs as a result of the violations of Md. Code Health General §2-602;

P. Judgment in an amount equal to threefold the damages to be proven at trial against Defendant and in favor of the Commonwealth of Massachusetts, plus a civil penalty of $10,000 for each violation of Mass. Gen. L. Ch. 12, § 5B proven at trial;

Q. Judgment in an amount equal to the damages to be proven at trial against Defendant and in favor of the State of Michigan, plus a civil penalty equal to the full amount of the benefit received by the Defendant plus triple the amount of damages suffered by the state for each violation of Mich. Comp. Laws § 400.610a proven at trial;

R. Judgment in an amount equal to treble the damages to be proven at trial against Defendant and in favor of the State of Minnesota, plus a civil penalty of $10,000 for each violation of Minn. Stat §15C.01 proven at trial;

S. Judgment in an amount equal to not less than two times and not more than three times the amount of damages that a Montana governmental entity sustains to be proven at trial,

plus a civil penalty of not less than $5,500 and not more than $11,000 for each violation of M.C.A. §17-8-401 *et seq.* proven at trial;

T.  Judgment in an amount equal to treble the damages to be proven at trial against Defendant and in favor of the State of Nevada, plus a civil penalty of $10,000 for each violation of Nev. Rev. Stat. Ann. §§ 357.040 proven at trial;

U.  Judgment in an amount equal to treble the damages to be proven at trial against Defendant and in favor of the State of New Hampshire, plus a civil penalty of $10,000 for each violation of N.H. Rev. Stat. Ann. § 167:61-b(I) proven at trial;

V.  Judgment in an amount equal to treble the damages to be proven at trial against Defendant and in favor of the State of New Jersey, plus a civil penalty of $10,000 for each violation of N.J.S.A. 2A:32C-2 proven at trial;

W. Judgment in an amount equal to treble the damages to be proven at trial against Defendant and in favor of the State of New Mexico, plus a civil penalty for each violation of N.M. Stat. Ann. § 27-14-4 proven at trial;

X.  Judgment in an amount equal to treble the damages to be proven at trial against Defendant and in favor of the State of New York, plus a civil penalty of $12,000 for each violation of N.Y. State Fin. Law § 189 proven at trial;

Y.  Judgment in an amount equal to treble the damages to be proven at trial against Defendant and in favor of the State of North Carolina, plus a civil penalty of $11,000 for each violation of N.C.G.S.A. § 1-606 proven at trial;

Z.  Judgment in an amount equal to treble the damages to be proven at trial against Defendant and in favor of the State of Oklahoma, plus a civil penalty of $10,000 for each violation proven at trial pursuant to 56 Okl. St. Ann. §1006;

AA. Judgment in an amount equal to treble the damages to be proven at trial against Defendants and in favor of the State of Rhode Island, plus a civil penalty of $11,000 for each violation of RI Gen L § 9-1.1-1proven at trial;

BB. Judgment in an amount equal to treble the damages to be proven at trial against Defendant and in favor of the State of Tennessee, plus a civil penalty of $10,000 for each violation of Tenn. Code Ann. § 71-5-182 proven at trial;

CC. Judgment in an amount equal to restitution, interest, and two times the damages to be proven at trial against Defendant and in favor of the State of Texas, plus a civil penalty of $10,000 for each violation of Tex. Hum. Res. Code Ann. §§ 36.002 proven at trial;

DD. Judgment in an amount equal to treble the damages to be proven at trial against Defendant and in favor of the Commonwealth of Virginia, plus a civil penalty of $10,000 for each violation of Va. Code Ann. § 8.01-216.3 proven at trial;

EE. Judgment in an amount equal to treble the damages to be proven at trial against Defendants and in favor of the State of Washington, plus a civil penalty of not less than $5,500 and not more than $11,000 for each violation of the Rev. Code Wash. (ARCW) Title 74, Ch. 74.66 *et seq.* proven at trial;

FF. Judgment in an amount equal to treble the damages to be proven at trial against Defendant and in favor of the State of Wisconsin plus a civil penalty of $10,000 for each violation proven at trial pursuant W.S.A. 49.485; 49.49;

GG. Judgment in an amount equal to treble the damages to be proven at trial against Defendant and in favor of the City of Chicago, plus a civil penalty of $10,000 for each violation of Chicago Mun. Code ch. 1-22-020 proven at trial;

HH. Judgment in an amount equal to threefold the damages to be proven at trial against Defendant and in favor of the City of New York, plus a civil penalty of $15,000 for each violation of NYC Admin. Code § 7-803 proven at trial;

II. An award to Relators of the maximum amount allowed pursuant to 31 U.S.C. § 3730(d) and equivalent provisions in the state statutes set forth above, including the costs and expenses of this action and reasonable attorneys' fees;

JJ. All such other, further and different relief, whether preliminary or permanent, legal, general or equitable, as the Court deems just and proper.

## JURY DEMAND

KK.     Relators hereby demand a trial by Jury in this matter.

Respectfully submitted,

By:     _____
        J. Marc Vezina, T.A.
        **VEZINA LAW PLC**
        LA Bar No. 24683
        TX Bar No 24000141
        GA Bar No. 465449
        MI Bar No. P76232
        280 N. Old Woodward Ave
        Suite LL20
        Birmingham, MI 48009
        jmv@vezinlaw.com
        Tel. (248) 558-2701
        Cell: (504) 813-6100
        Fax (248) 232-1581

        **Attorney for Relators John Doe and Omni
        Healthcare, Inc.**

        Monica P. Navarro (Michigan P52985)
        Special Counsel to Vezina Law PLC
        mnavarro@vezinalaw.com
        See address above

        **Attorney for Relators John Doe and Omni
        Healthcare, Inc.**

By:     _____
        Christopher R. O'Hara (BBO # 548611)
        Megan C. Deluhery (BBO # 655564)
        TODD & WELD LLP
        One Federal Street, 27th Floor
        Boston, MA 02110
        (617) 720-2626
        cohara@toddweld.com
        **Attorney for Relators John Doe and Omni
        Healthcare, Inc.**

Dated: July 18, 2014

51